(Pleito No. 150.—Fallado el 3 de Octubre de 1901.)

## Molinari contra Cano.

Recurso contra sentencia dictada por la Corte de Distrito de Humacao.

Interdicto de recobrar posesión de una servidumbre de camino. En toda demanda de esta clase, si resultare de la prueba practicada que el demandado no era dueño del predio sirviente de la servidumbre de camino, por lo que no pudo interrumpir la posesión de la misma, está justificado el tribunal en desestimar la demanda.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á tres de Octubre de mil novecientos uno, en los autos que ante Nos penden en virtud de recurso de casación por infracción de ley, seguidos en el Tribunal de Distrito de Humacao, por Don Manuel Cividanes, en representación de su esposa Doña Rufina Molinari, contra Sucesores de Tomás Cano y Cª, ambas partes domiciliadas en Guayama, sobre interdicto de recobrar, habiendo representado y defendido ante este Tribunal Supremo al demandante el Letrado Don Manuel F. Rossy, y á la sociedad demandada el Letrado Don Rafael Palacios Rodríguez.—Resultando: Que en veinte y nueve de Octubre del año próximo pasado, Don Manuel Cividanes, como representante legal de su esposa Doña Rufina Molinari, presentó ante el Tribunal de Distrito de Humacao demanda de interdicto de recobrar la posesión de una servidumbre de camino, y después de indicar en la exposición de hechos que Don José González Muñiz, socio de Tomás Cano y Cª, de propia autoridad le había prohibido el paso de cuarenta y un bueyes que por dicho camino habían de ir á una estancia de la propiedad de su consorte, promovió información para justificar que había estado hasta el día veinte y siete del citado Octubre en quieta y pacífica posesión de la servidumbre de paso de que se deja hecha mención, y que Don José González Muñiz desde esa fecha venía inquietándole y perturbándole en tal posesión, hasta

el extremo de prohibirle el paso de su ganado por el camino objeto de la servidumbre, concluyendo con la súplica de que se le admitiera la información ofrecida, y comprobados los dos extremos referidos, se declarara haber lugar al interdicto de recobrar que promovía, y se le repusiera en la posesión y tenencia de la servidumbre de que había sido despojado por Don José González Muñiz, socio de Tomás Cano y Cª, con cargo al mismo de todas las costas, daños y perjuicios.— Resultando: Que el referido Tribunal, por providencia del día siguiente, ordenó que el demandante concretara la persona contra quien se había de entender la demanda, y habiendo manifestado Cividanes que la dirigía contra la sociedad Sucesores de Tomás Cano y Cª, domiciliada en Guayama, por haber obrado Don José González Muñiz en representación de ella, recayó en primero de Noviembre siguiente otra providencia, ordenando se recibiera la información ofrecida, en la que declararon siete testigos afirmativamente sobre los dos extremos objeto de la misma, por lo que el Tribunal de Humacao, en providencia de quince de Noviembre, señaló el día veinte y cuatro del propio mes para la celebración del juicio, con citación de la parte demandada, en consonancia con lo que previenen el artículo 1,652 de la Ley de Enjuiciamiento Civil y la Orden General número 118, serie de mil ochocientos noventa y nueve. —Resultando: Que en el acto del juicio oral la parte demandada propuso artículo de previo y especial pronunciamiento, por no tener el carácter ó representación con que se le demandaba, pues los Sucesores de Tomás Cano y Cª no eran dueños de la estancia sobre la que se decía estar constituída la servidumbre, sino la sociedad agrícola José González y Cª, desde mucho tiempo antes de la fecha de veinte y siete de Octubre á que se refiere el actor, y por tanto era inexacto que hubieran prohibido á éste el paso por el camino aludido; cuyo artículo impugnó la defensa de Cividanes, habiendo resuelto el Tribunal que, tratándose de un juicio verbal, debía decidirse por sentencia la excepción

dilatoria propuesta, y ordenado que se contestara la demanda en el fondo, como así lo verificó el letrado de Sucesores de Tomás Cano y Cª, alegando que la finca sobre que pesaba la servidumbre no era de su propiedad, sino de la sociedad agrícola José González y Cª, y en su virtud no podía establecerse acción alguna contra ellos, ni declararse con lugar la demanda.—Resultando : Que á instancias de ambas partes se practicaron pruebas, figurando entre las del demandante, la documental para acreditar la existencia de la servidumbre, y las de testigos, que también fueron repreguntados por la parte contraria ; y entre las del demandado, la de posiciones de la parte actora, y una certificación del Registrador de la Propiedad de Guayama, de la que aparece haber sido inserta como de la propiedad de José González y Cª, una finca compuesta de setenta y dos hectáreas, noventa y cuatro áreas y cuatro centiáreas, radicada en el barrio de "Pozo hondo," del término municipal de dicha Villa, inscripción hecha en virtud de escritura de constitución de sociedad, celebrada entre Don Genaro Cautiño y Vázquez y Don José González Martínez, ante el Notario de Cayey Don Luís Muñoz Morales, en once de Octubre del año próximo pasado.—Resultando : Que el Tribunal de Humacao, por sentencia de doce de Diciembre, declaró sin lugar la demanda de interdicto de recobrar establecida, con las costas al demandante, á quien se reserva su derecho contra quien hubiere lugar.—Resultando : Que contra la expresada sentencia ha interpuesto la parte demandante recurso de casación por infracción de ley, como comprendido en los números 1º, 2º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, en relación al número 7º, con el párrafo 79 de la Orden General número 118, serie de 1,899, alegando como motivos los siguientes :—
1º   Infracción de los artículos 1,649 y 1,650 de la Ley de Enjuiciamiento Civil, por cuanto Don Manuel Cividanes ha comprobado que estaba en posesión del uso del camino que conduce á su estancia del Pimental, y que fué perturbado en aquélla por Don José González, socio de Tomás Cano y

C?, hoy sus Sucesores, que eran los que tenían la posesión del predio sirviente; no obstante lo cual el Tribunal de Humacao resuelve en su sentencia que no procede el interdicto, porque José González y C?, y no los Sucesores de Tomás Cano y C?, son hoy los propietarios del referido predio sirviente, interpretando así erróneamente los citados textos legales.—2? Infracción del artículo 1,654 de la misma Ley de Enjuiciamiento Civil, que sólo permite la admisión de pruebas que se refieran á los dos extremos del artículo 1,650, doctrina confirmada, entre otras sentencias del Tribunal Supremo de España, por la de diez de Noviembre de mil ochocientos ochenta y cuatro, y que violó la Sala sentenciadora, dando entrada en el juicio á la excepción dilatoria 4? del artículo 532, con infracción de ese mismo artículo, toda vez que semejante excepción sólo puede tener cabida en el juicio ordinario, y nunca en los interdictos, habiendo llegado al extremo de decidir que lo que había querido alegar el demandado era la excepción perentoria de falta de acción, la cual tampoco es admisible en los interdictos, infringiendo así también la doctrina del artículo 541, por dos razones, á saber: porque esa doctrina sólo es aplicable á los juicios ordinarios, y porque las excepciones deben ser propuestas por el demandado, y no por el Tribunal.—3? Infracción del artículo 1,653 de la propia Ley de Enjuiciamiento Civil, que prohibe la admisión de escrito alguno del demandado cuyo objeto sea impugnar la demanda, cuya infracción cometió el Tribunal sentenciador, al admitir la excepción del demandado, y al apreciarla luego en la sentencia, como fundamento de la solución, porque sino se puede admitir ningún escrito tendente á impugnar la demanda, tampoco ésta puede ser impugnada en el juicio verbal, sino negando ó contradiciendo simplemente los dos hechos fundamentales del juicio, que son la posesión y el despojo.—4? Infracción del artículo 1,656, que ordena en su párrafo último, se reserve á las partes el derecho que puedan tener sobre la propiedad ó sobre la posesión definitiva, cuyo artículo ha sido violado en

la sentencia, ya por haberse estimado la excepción del demandado, fundada en no ser dueño del predio sirviente, ya por no haberse hecho á las partes la reserva indicada.— 5º  Infracción de la doctrina legal sancionada en la sentencia del Tribunal Supremo de España, de tres de Mayo de mil ochocientos ochenta y uno y en otras varias, acerca de que quien posee, teniendo condueño, lo hace por sí y á nombre de éste, siempre que resulte que la finca estaba poseída proindiviso, toda vez que habiéndose acreditado que el predio sirviente estaba poseído por la sociedad "Sucesores de Tomás Cano y Cª" y que su socio González, que está al frente de dicho predio, fué quien impidió el paso de los bueyes de Cividanes por el camino que conduce á su finca, sin que conste la división de aquel predio entre los socios ni que González posea su parte exclusiva, es evidente que la sociedad responde de los actos del González, no siendo aplicables al caso de autos los artículos 127 y 134 del Código de Comercio, que indebidamente se aplican en la sentencia, por referirse á negociaciones y operaciones mercantiles, cuando al presente se trata de un acto civil, como es de quitar á una persona el uso de un camino.—6º  Infracción del artículo 1,214 del Código Civil, que establece la doctrina reconocida ya por la jurisprudencia en multitud de sentencias, entre éstas la de quince de Diciembre de mil ochocientos cincuenta y nueve, de que al demandante corresponde probar su acción, y al demandado su excepción, ley y doctrina violadas en la sentencia recurrida, por haberse desconocido que el actor ha justificado en este juicio los hechos fundamentales del interdicto de recobrar : cuales son la posesión con el despojo y el nombre del despojante, y haberse estimado que el demandado probó su excepción, sin ser así, pues sólo ha justificado que el predio sirviente pertenece en propiedad á una sociedad agrícola que se constituyó en once de Octubre del año próximo pasado, y no que el predio fuera poseído por dicha sociedad antes del día veinte y siete del mismo mes en que ocurrió el des-

pojo, como tampoco se ha demostrado que González obrara
por sí ó por cuenta de la sociedad agrícola, sin tener
nada que ver con Sucesores de Tomás Cano y Cª, no
pudiendo alegarse la presunción jurídica de que el poseedor
se reputa dueño mientras no se pruebe lo contrario, pues la
certificación del Registro de la Propiedad de Guayama,
expedida en veinte de Noviembre último, no dice en
qué fecha comenzó la sociedad agrícola á ser dueña del
predio sirviente, por más que consigna el hecho de que
esa sociedad se constituyó en once de Octubre anterior.—
7º   Error en la apreciación de las pruebas, por infracción de
los artículos 1,348 del Código Civil y 658 de la Ley de En-
juiciamiento, pues el Tribunal sentenciador reconoció fuerza
probatoria á las declaraciones de los testigos que fueron
examinados en la información previa al acto verbal, á
los efectos del artículo 1,652 de la Ley de Procedimientos, y
después en la sentencia denegó á dicha prueba testifical
valor probatorio, no obstante haber declarado todos los tes-
tigos de conformidad, tener condiciones de veracidad y haber
relatado los hechos por conocimiento propio, sin que la parte
contraria los tachara, aconsejando por tanto la sana crítica que
se le reconozca fuerza y valor á sus testimonios, con tanto
más motivo cuanto esa prueba testifical no ha sido desvir-
tuada por la documental de Sucesores de Tomás Cano y Cª,
mediante la certificación del Registrador de la Propiedad
de Guayama, que han presentado en el juicio, pues esa certi-
ficación, al consignar el hecho de constitución de una socie-
dad agrícola, por escritura otorgada ante el Notario de
Cayey, en once de Octubre del año último, pocos días antes
de realizarse el despojo, no expresa el día en que dicha
sociedad agrícola adquirió la finca que se describe, faltando
además comprobar que la finca adquirida por la sociedad
agrícola José González y Cª es la misma que tiene el cami-
no, que la fecha de la adquisición fué anterior á la del des-
pojo; que la sociedad demandada no era en el día del des-
pojo poseedora del predio sirviente, y que González, autor

del despojo, no era en ese día miembro de la sociedad demandada.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que la Sala sentenciadora, apreciando las pruebas practicadas en el juicio, ha estimado que el predio sirviente de la servidumbre de camino á que se refiere el interdicto, es de la propiedad de la sociedad agrícola José González y C$^{\text{a}}$, única interesada en la subsistencia ó insubsistencia de dicha servidumbre, quedando en su consecuencia completamente desvirtuada la prueba testifical suministrada por la parte actora, para justificar que Don José González obraba por cuenta de Sucesores de Tomás Cano y C$^{\text{a}}$, por todo lo cual era necesario convenir en que González no interrumpió la posesión de aquella servidumbre en nombre y representación de la sociedad demandada, que es lo mismo que afirmar que Don Manuel Cividanes no ha justificado que Sucesores de Tomás Cano y C$^{\text{a}}$ le inquietaran ó perturbaran en la posesión de servidumbre de que venía disfrutando, por más que Don José González le interrumpiera en el servicio de ella.—Considerando: Que aunque el recurso de casación interpuesto se funda también en el número 7$^{\text{o}}$ del artículo 1,690 de la Ley de Enjuiciamiento Civil, ó sea en error en la apreciación de las pruebas, no se precisa si éste es de hecho ó de derecho, como ha debido hacerse, por exigirlo así la índole concreta de la jurisdicción de la Corte Suprema; pero en el caso de que el error alegado fuera de hecho, no resulta de documentos ó autos auténticos que demuestren la equivocación evidente del juzgador, pues en el juicio no existe prueba documental de que Don José González, obrando á nombre de Sucesores de Tomás Cano y C$^{\text{a}}$, perturbara á Don Manuel Cividanes en la posesión de la servidumbre; y en el supuesto de que aquel error fuera de derecho, no se determina la regla de sana crítica infringida ni la ley ó doctrina legal que la admite, ni el concepto en que se ha cometido la infracción, para dejar así cumplido el artículo 1,718 de la Ley de Enjuiciamiento Civil; por todo lo cual es improcedente el recurso por el sép-

timo de los motivos alegados.—Considerando: Que siendo indiscutible en casación, en mérito de lo anteriormente expuesto, la falta de prueba completa de uno de los hechos fundamentales de toda demanda de interdicto de retener ó de recobrar, á saber, la perturbación en la posesión ó el despojo de ella por la parte demandada, obrando directamente ó por medio de otra persona, el Tribunal sentenciador ha procedido con arreglo á derecho, declarando sin lugar la demanda interpuesta, que por los términos en que está concebida más bien parece de interdicto de retener que de recobrar, sin que por tanto infringiera el artículo 1,214 del Código Civil y la jurisprudencia, que se invocan en el 6º motivo del recurso, ni tuviera necesidad de reservar á las partes el derecho que pudieran tener sobre la propiedad ó sobre la posesión definitiva de la servidumbre, en cumplimiento del artículo 1,656 de la Ley de Enjuiciamiento Civil, que también se supone infringido en el 4º motivo del recurso, y que tampoco lo ha sido, por referirse ese artículo al caso en que se declare con lugar la demanda del interdicto de retener ó recobrar, y no al en que fuere desestimada.— Considerando: Que asimismo son de desestimarse los motivos 1º, 2º y 3º, por cuanto la Sala sentenciadora ha declarado sin lugar la demanda, por el fundamento esencial y necesario de no haberse justificado que Sucesores de Tomás Cano y Cª fueran los perturbadores de la posesión de la servidumbre de que venía disfrutando Cividanes, porque en su fallo no hace pronunciamiento alguno sobre materia extraña á la demanda, y porque en los interdictos de retener y recobrar, si bien no pueden decidirse cuestiones extrañas á los hechos de posesión y perturbación ó despojo de ella, pueden hacerse cuantas alegaciones tiendan directa ó indirectamente á impugnar esos hechos, como lo ha verificado la parte demandada, incumbiendo á la Sala sentenciadora apreciar si tales alegaciones y sus pruebas destruyen ó desvirtúan las pruebas de los hechos fundamentales de la demanda.—Considerando: Que la infracción de la doctrina

legal expuesta en el 5? motivo del recurso, parte de un supuesto que no admite como probado el Tribunal de Humacao, ó sea que el predio sirviente estuviera poseído por la sociedad Sucesores de Tomás Cano y Cª, y que su socio Don José González estuviera al frente de dicho predio, pues por el contrario la sentencia se funda en que aquél es de la propiedad de la sociedad agrícola José González y Cª, y en que, por tanto, falta prueba de que González obrara por cuenta y á nombre de Sucesores de Tomás Cano y Cª.— Considerando: En su consecuencia, que es de desestimarse el recurso, por todos los motivos en que se basa.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto contra la sentencia del Tribunal del Distrito de Humacao, de doce de Diciembre último, con las costas á cargo de la parte recurrente; y líbrese á dicho Tribunal la oportuna certificación, acompañada de los autos recibidos, á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones. — José C. Hernández. — Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á tres de Octubre de mil novecientos uno.—E. de J. López Gaztambide, *Secretario*.